COGAN v BOARD OF OSTEOPATHIC MEDICINE & SURGERY

Docket No. 137152. Submitted December 8, 1992, at Detroit. Decided
    March 8, 1993; approved for publication June 30, 1993, at 9:05
    A.M.

Leon Cogan, D.O., petitioned the Oakland Circuit Court for
    review of a denial by the Board of Osteopathic Medicine and
    Surgery of his application for reinstatement of his license to
    practice osteopathic medicine after the board found that he had
    failed to satisfy the requirements for reinstatement by failing
    to attend 150 hours of continuing medical education. The court,
    Robert C. Anderson, J., affirmed the board's decision. The
    petitioner appealed.

The Court of Appeals *held:*

1. Competent, material, and substantial evidence supported
    the board's determination. Pursuant to MCL 333.16247(1); MSA
    14.15 (16247)(1), the board, in addition to requiring proof of
    good moral character, ability to practice with reasonable skill
    and safety to patients, and public interest in the resumption of
    practice, can require an applicant to attend educational pro-
    grams in the area of the applicant's practice. At the time the
    petitioner sought reinstatement of his license, the board re-
    quired applicants for license reinstatement to furnish satisfac-
    tory evidence showing completion of 150 credit hours of contin-
    uing education in board-approved programs. 1983 AACS, R
    338.92(1).

2. Because the board had adopted a hearing referee's findings
    in determining that the petitioner lacked good moral character,
    the petitioner, as required by MCL 338.45; MSA 18.1208(5), was
    furnished with a complete record of the evidence upon which
    the determination was based.

Affirmed.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by
*Lawrence Warren* and *Alan B. Koenig*), for the
appellant.

*Frank J. Kelley,* Attorney General, *Thomas L.*

*Casey,* Solicitor General, and *Howard C. Marderosian,* Assistant Attorney General, for the appellee.

Before: SHEPHERD, P.J., and BRENNAN and L. P. BORRELLO,* JJ.

PER CURIAM. Petitioner appeals from an order of the Oakland Circuit Court affirming an order of the Board of Osteopathic Medicine and Surgery denying petitioner's request for reinstatement of his license to practice osteopathic medicine. While we recognize that a person whose osteopathic medical license has been suspended for misconduct may be granted reinstatement upon fulfillment of the regulatory prerequisites in MCL 333.16247; MSA 14.15(16247), petitioner has failed to satisfy the prerequisites in this case. Accordingly, we affirm.

Petitioner had his license revoked after the Attorney General filed a complaint charging him with numerous incidents of misconduct, incompetence, and violations of the Public Health Code stemming from his dispensation of Schedule III controlled substances. Petitioner allegedly dispensed phendimetrazine to undercover state police officers without proper inquiry into the officers' medical history and need, and without performing a thorough examination. Moreover, petitioner failed to keep adequate records of inventory and dispensation as required by law. The Attorney General instituted license revocation procedures, claiming that petitioner was a threat to the public.

On February 6, 1986, the board issued an order summarily suspending petitioner's license after it determined that a continuation of the license constituted a threat to the public's health, safety, and welfare. On February 5, 1987, following an exten-

* Circuit judge, sitting on the Court of Appeals by assignment.

sive hearing, the referee issued an opinion consisting of findings of fact and conclusions of law. The conclusions were that petitioner had violated MCL 333.16221(a); MSA 14.15(16221)(a) (violation of duty affecting ability to skillfully and safely maintain practice), MCL 333.16221(b)(i); MSA 14.15(16221)(b)(i) (personal disqualification because of incompetence), and MCL 333.16221(c)(iv); MSA 14.15(16221)(c)(iv) (administering drugs outside the bounds of acceptable and prevailing practice). On April 2, 1987, the board issued an order adopting the referee's findings of fact and conclusions of law and revoking petitioner's license.

On July 31, 1989, petitioner filed an application for reinstatement of his medical license. Following a hearing, the referee issued an opinion recommending denial of petitioner's application for failure to prove by clear and convincing evidence that petitioner had satisfied the statutory requirements for reinstatement. MCL 333.16247; MSA 14.15(16247). On July 6, 1990, the board adopted the referee's findings of fact and conclusions of law and issued a final order denying the application for reinstatement. Petitioner appealed the order to the Oakland Circuit Court, which affirmed the board's ruling. It is from this order that petitioner now appeals.

Petitioner's first argument is that the board's decision denying reinstatement was not supported by competent, material, and substantial evidence. We disagree.

We review an administrative agency's final decision to determine whether it is authorized by law and supported by competent, material, and substantial evidence on the whole record. *Black v Dep't of Social Services,* 195 Mich App 27, 29; 489 NW2d 493 (1992). The substantial evidence test requires that a decision be supported by evidence

that a reasonable person would accept as sufficient. *Id.,* p 30. Substantial evidence has been defined as more than a mere scintilla, but somewhat less than a preponderance. *Id.* Our review of the whole record in this case convinces us that the board's findings were properly supported by the evidence.

In order to justify reinstatement, petitioner must satisfy the provisions of the health code, which state, in part, as follows:

> A board may reinstate a license or issue a limited license to an individual whose license has been suspended or revoked under this part if, after a hearing, the board is satisfied that the applicant is of good moral character, is able to practice the profession with reasonable skill and safety to patients, and should be permitted in the public interest to resume practice. [MCL 333.16247(1); MSA 14.15(16247)(1).]

Petitioner must satisfy the requirements of this section by clear and convincing evidence. 1980 AACS, R 338.973(2).

In addition to the above requirements, the board is authorized to impose additional conditions upon the licensee, including requirements that the licensee attend educational programs to demonstrate proficiency in the area of practice to which the licensee seeks admission. MCL 333.16247(1); MSA 14.15(16247)(1). At the time petitioner sought reinstatement, the board required that a person who files an application for reinstatement of a license to practice osteopathic medicine must furnish satisfactory evidence to show completion of 150 credit hours of continuing education in board-approved programs. 1983 AACS, R 338.92(1).

In this case, petitioner completed less than half of the 150 credit hours necessary to justify rein-

statement. He further failed to obtain a valid waiver of the continuing-education prerequisite as codified under 1983 AACS, R 338.92(3). While it is true that petitioner presented testimony from colleagues with respect to his moral character and value to the community, such evidence does not entitle him to reinstatement of his license. Inasmuch as the requirements of the statute are joined by the word "and," petitioner must satisfy all the prerequisites before reinstatement may take place. MCL 333.16247(1); MSA 14.15(16247)(1). Petitioner's failure to complete the continuing-education courses was sufficient to preclude reinstatement. Accordingly, the board's finding that petitioner failed to justify reinstatement was supported by competent, material, and substantial evidence.

Petitioner also argues that the board's decision violates MCL 338.45; MSA 18.1208(5). We disagree. That provision states, in pertinent part, as follows:

> When a person is found to be unqualified for a license because of a lack of good moral character, or similar criteria, the person shall be furnished by the board or agency with a statement to this effect. The statement shall contain a complete record of the evidence upon which the determination was based. [MCL 338.45; MSA 18.1208(5).]

Petitioner's argument ignores the fact that the referee's findings were adopted by the board and constituted a complete record of the evidence upon which the board relied when concluding that petitioner lacked good moral character. Moreover, even if petitioner were correct in his assertion that the board's order violated this section of the statute, his failure to complete the necessary continuing-education requirements still would have precluded reinstatement.

Petitioner failed to perform the statutory pre-

requisites to justify reinstatement of his license to practice osteopathic medicine. Thus, the circuit court properly affirmed the board's final order denying petitioner's application for reinstatement.

Affirmed.