BUNCE v SECRETARY OF STATE

Docket No. 209122. Submitted April 8, 1999, at Lansing. Decided December 28, 1999, at 9:00 A.M.

Charles W. Bunce petitioned the Kent Circuit Court for judicial review of the denial of his application for reinstatement of his driver's license by a hearing officer in the Driver License Appeal Division of the Secretary of State's Office. Bunce's driver's license had been revoked pursuant to MCL 257.303(2)(f); MSA 9.2003(2)(f) because he was a habitual violator of criminal laws relating to operating a vehicle while impaired by or under the influence of intoxicating liquor and operating a vehicle while having a blood alcohol level of 0.10 percent or greater. The hearing officer denied the application for reinstatement on the basis that Bunce had not rebutted the presumption in § 303 in favor of revocation with clear and convincing evidence, as required by 1992 AACS, R 257.313, that his substance abuse problem is under control and likely to remain under control and that he has abstained from consuming alcohol. The court, Dennis C. Kolenda, J., remanded the matter for reconsideration in the Driver License Appeal Division. Consistent with the court's decision in another case involving driver's license reinstatement that the respondent has the burden of proving that the applicant's substance abuse problem was not under control, the decision to deny the petitioner's application for reinstatement was ultimately reversed. The respondent appealed to the Court of Appeals by leave granted.

The Court of Appeals held:

The trial court erred in ordering the respondent to reconsider the petition for reinstatement pursuant to a reallocated burden of proof. The trial court order remanding this matter to the respondent must be reversed and the matter must be remanded for review by the trial court pursuant to MCL 257.303(1)(f); MSA 9.2003(1)(f).

1. The Legislature, in MCL 257.204; MSA 9.1904, conferred on the Secretary of State general authority to observe, enforce, and administer the Michigan Vehicle Code, MCL 257.1 et seq.; MSA 9.1801 et seq. MCL 257.309(3); MSA 9.2009(3) expressly authorizes the Secretary of State to promulgate rules regarding the examination of driver's license applicants, and MCL 257.303(1); MSA 9.2003(1) pro-

hibits the Secretary of State from issuing a license to habitual viola-
tors of drunk driving laws, except as provided by MCL 257.303(4);
MSA 9.2003(4). This delegated rulemaking authority is well defined
and narrowly drawn and does not constitute impermissible delega-
tion of legislative power.

2. 1992 AACS, R 257.313, which requires an applicant for the
reinstatement of a driver's license revoked for habitual violations of
drunk driving laws to prove that the substance abuse problem is
under control and that the applicant has abstained from consuming
alcohol, is a valid exercise of the rulemaking authority delegated to
the Secretary of State by the Legislature. Rule 13 is within the sub-
ject matter of the Michigan Vehicle Code, carries out the legislative
intent of restricting the relicensing of habitual drunk drivers in the
interest of public safety, and is neither arbitrary nor capricious.

3. The allocation in Rule 13 of the burden of proof on the appli-
cant for reinstatement of a driver's license revoked for habitual vio-
lations of drunk driving laws is consistent with the legislative
scheme that seeks to impose severe sanctions on habitual drunk
drivers and to protect the public.

4. The clear and convincing evidence standard required in Rule
13 is consistent with the legislative scheme and intent.

Reversed and remanded.

1. ADMINISTRATIVE LAW — DELEGATION OF POWERS — DISCRETION.

The Legislature cannot delegate its power to make law; three princi-
ples guide the determination whether discretionary authority con-
ferred by statute on an administrative agency is sufficiently defined
to avoid delegation of legislative powers: first, the act in question
must be read as a whole, and the provision in question should not
be isolated but must be construed with reference to the entire act;
second, the standard should be as reasonably precise as the subject
matter requires or permits; and third, if possible, the statute must
be construed in such a way as to render it valid, not invalid, and as
vesting discretionary, not arbitrary, authority.

2. ADMINISTRATIVE LAW — AGENCY RULES — APPEAL.

Courts employ a three-part test to determine the validity of a rule
promulgated by an administrative agency: whether the rule is
within the subject matter of the enabling statute, whether it com-
plies with the legislative intent underlying the enabling statute, and
whether it is arbitrary or capricious.

3. ADMINISTRATIVE LAW — DRIVER'S LICENSE REINSTATEMENT — HABITUAL VIOLA-
TORS OF DRUNK DRIVING LAWS.

The administrative rule that requires an applicant for the reinstatement of a driver's license revoked for habitual violations of drunk driving laws to establish by clear and convincing evidence that the substance abuse problem is under control and that the applicant has abstained from consuming alcohol is a valid exercise of the rulemaking authority granted to the Secretary of State by the Legislature relative to the enforcement and administration of the Michigan Vehicle Code (MCL 257.204, 257.303[1], [4]; MSA 9.1904, 9.2003[1], [4]; 1992 AACS, R 257.313).

*Carr & Mullendore* (by *Duane A. Carr*), for the petitioner.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Ron D. Robinson*, *Margaret A. Bartindale*, and *Nichole M. Jennings*, Assistant Attorneys General, for the respondent.

Before: WILDER, P.J., and CAVANAGH and ZAHRA, JJ.

WILDER, P.J. Respondent appeals by leave granted from a circuit court order remanding for reconsideration by the Driver License Appeal Division petitioner Charles Bunce's petition for reinstatement of his driver's license under different standards than those employed by the respondent at the initial hearing. We reverse and remand.

I

BACKGROUND FACTS AND PROCEDURAL HISTORY

Petitioner was convicted of three alcohol-related driving offenses within a ten-year period: (1) operating a motor vehicle while impaired by liquor on March 27, 1990, (2) operating while impaired by liquor on August 5, 1991, and (3) combined operating while under the influence of liquor and unlawful blood alcohol content on June 6, 1994. Following the third conviction, petitioner's driver's license was

revoked for a minimum of one year commencing July 13, 1994, pursuant to the mandatory habitual violator provision of the Michigan Vehicle Code, MCL 257.303(2)(f); MSA 9.2003(2)(f). Petitioner was subsequently cited for driving without a valid license, and he received an additional one-year suspension of his license pursuant to MCL 257.904; MSA 9.2604.

Petitioner became eligible to petition for reinstatement of his driver's license on May 21, 1997. Petitioner filed such a petition, resulting in a June 11, 1997, administrative hearing before respondent Secretary of State, Driver License Appeal Division. Petitioner appeared without legal counsel at the hearing and provided a current substance abuse evaluation and documentation of sobriety. Petitioner testified at the hearing that he had not consumed any alcohol for approximately three years. In addition, several of petitioner's friends submitted letters generally attesting to his sobriety. Petitioner's substance abuse evaluation diagnosed him as alcohol dependent, with a favorable prognosis for recovery and recommendation that he attend Alcoholics Anonymous meetings.

In a written order, dated June 11, 1997, the hearing officer found that petitioner "failed to establish by clear and convincing evidence that his substance abuse problem is under control and likely to remain under control, and has failed to establish a sufficient period of abstinence as required by Rule 13," and denied petitioner's application for reinstatement of his license "because Mr. Bunce has failed to rebut the statutory presumption of MCL 257.303(1) [MSA 9.2003(1)]." The hearing officer discounted the favorable substance abuse evaluation because, in the

opinion of the hearing officer, the prognosis was based on petitioner's self-report of abstinence.

Petitioner appealed that decision to the circuit court, seeking reversal of respondent's decision. The circuit court remanded petitioner's case to respondent for reconsideration, with instructions that, on remand, the hearing officer was either to require respondent to have the burden of proving that petitioner's substance abuse problem was not under control or, alternatively, petitioner should be permitted to establish by a preponderance of the evidence, rather than clear and convincing evidence, that his substance abuse problem was under control.

On February 10, 1998, the trial court granted a partial stay of its order, deciding that reconsideration should proceed under the lesser standard of review, but that any reinstatement of petitioner's license should be withheld pending final resolution of this matter on appeal to this Court. On remand, respondent reviewed the evidence presented by petitioner under a preponderance of the evidence standard and again denied reinstatement of petitioner's license in an order dated March 27, 1998. Petitioner filed a petition for rehearing in the circuit court on April 2, 1998. On April 6, 1998, in an unrelated driver's license restoration case,[1] the circuit court issued an order holding that in that case the respondent had the burden of proving that the petitioner's substance abuse problem was not under control, in order to deny restoration of the petitioner's driving privileges. On the basis of this order, respondent reversed its decision in the instant

---

[1] *Fortino v Secretary of State*, Kent Circuit Court, Docket No. 98-00295 AL.

case and granted petitioner full driving privileges in an April 13, 1998, order. This Court granted respondent's application for leave to appeal.

## II

### STANDARD OF REVIEW

Statutory interpretation is a question of law that is subject to review de novo on appeal. *Port Huron v Amoco Oil Co, Inc*, 229 Mich App 616, 624; 583 NW2d 215 (1998). The general rules of statutory construction apply to administrative rulings. *Id.* at 631.

## III

### ANALYSIS

Although not characterized as such below, in this appeal we are asked to consider two essential questions: (1) whether the Legislature may delegate rulemaking authority to administrative agencies and, (2) assuming such authority may be delegated, whether an administrative agency possesses the authority to independently determine the evidentiary standard and burden of proof governing its administrative hearings. We answer both questions in the affirmative.

### A. SCOPE OF JUDICIAL REVIEW OF DRIVER'S LICENSE RESTORATION PROCEEDINGS

At the outset, we note that the Michigan Vehicle Code (MVC), MCL 257.1 *et seq.*; MSA 9.1801 *et seq.*, expressly limits the scope of the circuit court's review of a revocation or denial of reinstatement of a driver's license under MCL 257.303(1)(f); MSA 9.2003(1)(f). Specifically, the MVC provides:

In reviewing a determination resulting in a denial or revo-
cation [of a driver's license] under section 303(1)(d), (e), or
(f) or section 303(2)(c), (d), (e), or (f), the court shall con-
fine its consideration to a review of the record prepared
pursuant to section 322 or the driving record created under
section 204a, and shall not grant relief pursuant to subsec-
tion (3). The court shall set aside the secretary of state's
determination only if the petitioner's substantial rights have
been prejudiced because the determination is any of the
following:

(a) In violation of the Constitution of the United States,
the state constitution of 1963, or a statute.

(b) In excess of the secretary of state's statutory author-
ity or jurisdiction.

(c) Made upon unlawful procedure resulting in material
prejudice to the petitioner.

(d) Not supported by competent, material, and substan-
tial evidence on the whole record.

(e) Arbitrary, capricious, or clearly an abuse or unwar-
ranted exercise of discretion.

(f) Affected by other substantial and material error of
law. [MCL 257.323(6); MSA 9.2023(6).]

The circuit court, by ruling that respondent was
without authority to place the burden of proof on
petitioners in driver's license restoration hearings,
apparently did so under either subsection b, c, or f.
Therefore, our analysis will proceed accordingly.

B. DELEGATION OF AUTHORITY

Although the validity of the delegation of rulemak-
ing authority to respondent under the MVC was not
directly challenged or decided below, and perhaps
was assumed, an examination of the scope of that
authority is critical to the proper resolution of this
case.

Respondent contends that the Legislature may appropriately delegate to it the authority to establish standards for reinstating a driver's license following a revocation as it did under MCL 257.303(4); MSA 9.2003(4) or to promulgate rules as it did under MCL 257.309(3); MSA 9.2009(3). We agree.

In *Dep't of Natural Resources v Seaman*, 396 Mich 299, 308; 240 NW2d 206 (1976), the Supreme Court, quoting *Locke's Appeal*, 72 Pa 491, 498-499 (1873), held:

> "The legislature cannot delegate its power to make a law; but it can make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend. To deny this would be to stop the wheels of government."

The Court established three guiding principles for determining whether the discretionary authority conferred on an administrative agency is "sufficiently defined to avoid delegation of legislative powers":

> First, the act in question must be read as a whole; the provision in question should not be isolated but must be construed with reference to the entire act.
>
> Second, the standard should be "as reasonably precise as the subject matter requires or permits."
>
> \*     \*     \*
>
> Third, if possible, the statute must be construed in such a way as to "render it valid, not invalid" . . . and as vesting "discretionary, not arbitrary authority." [*Id.* at 309 (citations omitted).]

We find that the Legislature delegated rulemaking authority to respondent under the MVC and that such delegation complies with the above-stated principles.

MCL 257.204; MSA 9.1904 confers on respondent general authority to "observe, enforce, and administer" the laws under the MVC. MCL 257.309(3); MSA 9.2009(3) expressly authorizes respondent to promulgate rules regarding the examination of license applicants:

> The secretary of state shall promulgate rules pursuant to the administrative procedures act of 1969, Act No. 306 of the Public Acts of 1969, being sections 24.201 to 24.328 of the Michigan Compiled Laws, for the examination of the applicant's physical and mental qualifications to operate a motor vehicle in a manner as not to jeopardize the safety of persons or property, and shall ascertain whether facts exist which would bar the issuance of a license under section 303. The secretary of state shall also ascertain whether the applicant has sufficient knowledge of the English language to understand highway warnings or direction signs written in that language. The examination shall not include investigation of facts other than those facts directly pertaining to the ability of the applicant to operate a motor vehicle with safety or facts declared to be prerequisite to the issuance of a license under this act.

MCL 257.303(1); MSA 9.2003(1) prohibits respondent from issuing a license to "habitual violators" of drunk driving laws:

> (1) The secretary of state shall not issue a license under this act to any of the following:
>
> *          *          *
>
> (f) A person who is an habitual violator of the criminal laws relating to operating a vehicle while impaired by or under the influence of intoxicating liquor, a controlled substance, or a combination of intoxicating liquor and a controlled substance or with an alcohol content of .10 grams or more per 100 milliliters of blood, per 210 liters of breath, or per 67 milliliters of urine.

MCL 257.303(4); MSA 9.2003(4) provides the only exceptions by which the respondent may issue a license to someone determined to be an habitual violator:

> The secretary of state shall not issue a license under this act to a person whose license has been revoked under this act or denied under subsection (1)(d), (e), (f), (i), or (j) until both of the following occur:
>
> (a) The later of the following:
>
> (i) The expiration of not less than 1 year after the license was revoked or denied.
>
> (ii) The expiration of not less than 5 years after the date of a subsequent revocation or denial occurring within 7 years after the date of any prior revocation or denial.
>
> (b) The person meets *the requirements of the department.* [Emphasis added.]

Reading these provisions in conjunction with the legislative scheme as a whole, we find that the rulemaking authority delegated by the Legislature to respondent is well defined and narrowly drawn. The legislation provides guidance to respondent that is apparent: it is the Legislature's intent that severe license sanctions be imposed on "habitual violators" of drunk driving laws and that the public be protected from potential harm.

The legislative determination that habitual violators must meet the requirements of the department before being issued or reissued a license is persuasive evidence that the Legislature delegated to respondent the authority to promulgate rules to effectuate its intent. Furthermore, the legislative delegation is "as reasonably precise as the subject matter requires or permits." *Seaman, supra* at 309. Finally, the statute here does not confer on respondent such broad

power that respondent can act with unbridled, arbitrary authority. To the contrary, the statute sets forth specific conditions to be applied in license revocation and reinstatement proceedings. Therefore, we hold that, under the principles enunciated in *Seaman, id.*, the discretion delegated by the Legislature to respondent under the MVC, when read as a whole, is sufficiently defined to effectuate a valid delegation of rulemaking authority.

C. ADMINISTRATIVE RULE 13

In accordance with the directives of MCL 257.303(4)(b); MSA 9.2003(4)(b), respondent promulgated 1992 AACS, R 257.313 (Rule 13). Under Rule 13, a petitioner for reinstatement of a driver's license that has been suspended pursuant to the habitual violator presumption established in § 303 of the MVC must rebut the presumption by clear and convincing evidence. 1992 AACS, R 257.313(1)(a). Rule 13 further articulates what evidence is relevant to rebut the presumption as well as what evidence the petitioner may introduce to establish by clear and convincing evidence that he has abstained from the use of alcohol for the specified period. 1992 AACS, R 257.313(1)(b).

In determining the substantive validity of an administrative rule, Michigan courts employ a three-part test:

> Where, as here, an agency is empowered to make rules, the validity of those rules is to be determined by a three part-test: (1) whether the rule is within the subject matter of the enabling statute; (2) whether it complies with the legislative intent underlying the enabling statute; and (3) whether it is arbitrary or capricious. [*Dykstra v Dep't of Natural Resources*, 198 Mich App 482, 484; 499 NW2d 367

(1993),   citing *Luttrell v Dep't of Corrections*, 421 Mich 93, 100; 365 NW2d 74 (1984).]

First, we find that Rule 13 is clearly within the subject matter of the MVC. As noted above, the MVC expressly authorizes respondent to promulgate rules for examining an applicant's qualifications to operate a motor vehicle in a manner that will not jeopardize the safety of persons or property, and to ascertain whether facts exist that would bar the issuance of a license under § 303. MCL 257.309(3);   MSA 9.2009(3). Rule 13 carries out the legislative mandate by articulating certain facts and circumstances that, if present, would bar issuance of a driver's license to an habitual violator of drunk driving laws. Second, Rule 13 comports with the legislative intent to impose severe sanctions on habitual drunk drivers. Last, we find that Rule 13 is neither arbitrary nor capricious:

> A rule is arbitrary if it was fixed or arrived at through an exercise of will or by caprice, without giving consideration to principles, circumstances, or significance. A rule is capricious if it is apt to change suddenly or is freakish or whimsical. If a rule is rationally related to the purpose of the statute, it is neither arbitrary nor capricious. Further, if there is any doubt about the invalidity of a rule in this regard, the rule must be upheld. [*Blank v Dep't of Corrections*, 222 Mich App 385, 407; 564 NW2d 130 (1997) (citations omitted).]

The factors articulated in Rule 13 are rationally related to the purpose of the statute. Whether, for example, petitioner has attempted to bring his alcohol problems under control but suffered relapses, or whether petitioner has ever submitted to a chemical test that revealed a blood alcohol content of 0.20 percent or more by weight of alcohol, or whether peti-

tioner's alcohol evaluation reveals a diagnosis of alcohol dependency, are all factors rationally related to the legislative intent to severely sanction habitual violators and to enhance public safety.

In light of our conclusion that Rule 13 was promulgated pursuant to a valid legislative delegation of authority to respondent, and that the rule itself is a valid exercise of respondent's authority, we turn next to the dispositive issues on appeal, that is, what is the proper burden of proof and standard of proof to be applied in license reinstatement proceedings.

### D. BURDEN OF PROOF

Both the MVC and the Administrative Procedures Act (APA), MCL 24.201 *et seq.*; MSA 3.560(101) *et seq.*, are silent regarding the burden of proof in a driver's license appeal hearing. Generally, in contested cases[2] under the APA, the proponent of an order or petition has the burden of proof and the burden of going forward. LeDuc, Michigan Administrative Law (1993), § 6:42, Ch 6—p 54. See also *Brown v Beckwith Evans Co*, 192 Mich App 158, 168; 480 NW2d 311 (1991). Because *petitioner* petitioned for reinstatement of his license, we conclude that petitioner is the proponent of the reinstatement order and that petitioner bears the burden of proving his eligibility at the reinstatement hearing.

In any event, just as a statute may reallocate the burden of proof, LeDuc, § 6:42, Ch 6—p 54, an agency can reallocate the burden of proof, either by rule or

---

[2] Without citing authority, the circuit court determined that the APA contested case provisions applied in this case, and neither party disputed this determination. We agree with the circuit court's conclusion and will also consider the issues before us under contested case analysis.

agency procedure, when necessary and consistent with the legislative scheme. LeDuc, 1998 cum supp, § 6:42, at Ch 6—p 99; *Zenith Industrial Corp v Dep't of Treasury*, 130 Mich App 464, 468; 343 NW2d 495 (1983); *Superior Public Rights, Inc v Dep't of Natural Resources*, 80 Mich App 72, 80; 263 NW2d 290 (1977). See also *In re 1987-88 Medical Doctor Provider Class Plan*, 203 Mich App 707, 726-727; 514 NW2d 471 (1994); *Black v Dep't of Social Services*, 195 Mich App 27, 31; 489 NW2d 493 (1992). Thus respondent, as an administrative agency to whom rulemaking authority has been delegated, has discretion to allocate the burden of proof in an administrative hearing because the underlying statute is silent regarding the issue, as long as the chosen allocation is consistent with the legislative scheme.

We conclude that Rule 13, which allocates the burden of proof to the petitioner in a driver's license reinstatement hearing, is consistent with the legislative scheme that seeks to impose severe sanctions on habitual violators of drunk driving laws and protect the public. The requirement that persons who have a history of drinking-and-driving convictions must face the burden of proving entitlement to obtain a license to operate a motor vehicle is an appropriate implementation of the legislative intent.

### E. STANDARD OF PROOF

As is true regarding the burden of proof, neither the MVC nor the APA expressly addresses the standard of proof required for a driver's license appeal hearing. Therefore, we consider whether respondent may appropriately require petitioners to come forward with clear and convincing evidence in order to rebut

the statutory presumption that an habitual violator should not be granted a driver's license.

Our Supreme Court has held that the requisite standard of proof in administrative proceedings is generally the same as that used in civil cases—a preponderance of the evidence. *BCBSM v Governor*, 422 Mich 1, 89; 367 NW2d 1 (1985); *Aquilina v General Motors Corp*, 403 Mich 206, 210; 267 NW2d 923 (1978); LeDuc, § 6:43, Ch 6—p 55. However, we are unable to locate any authority, and petitioner has cited none, that prohibits an administrative agency from altering the standard of proof on a particular issue to "clear and convincing evidence" where appropriate. On the other hand, there is substantial authority suggesting that an administrative agency may indeed alter the standard of proof with regard to a particular issue where the underlying statute does not delineate any particular standard. See, e.g., *Cogan v Bd of Osteopathic Medicine & Surgery*, 200 Mich App 467, 470; 505 NW2d 1 (1993); *Dep't of Social Services v Emmanuel Baptist Pre-School*, 150 Mich App 254, 261; 388 NW2d 326 (1986), mod on other grounds 434 Mich 380; 455 NW2d 1 (1990).

In *Cogan, supra* at 468, the petitioner doctor appealed an order of the Board of Osteopathic Medicine and Surgery, which denied his request for reinstatement of his medical license. The board denied the petitioner's request for reinstatement of his license on the basis that the petitioner failed to prove by clear and convincing evidence that he met the statutory requirements for reinstatement. *Id.* at 469. The petitioner appealed the board's order to the circuit court, which affirmed the board's ruling. *Id.* On appeal, a panel of this Court noted that in order to

warrant reinstatement, the petitioner must meet the statutory requirements set forth in the Public Health Code, MCL 333.1101 *et seq.*; MSA 14.15(1101) *et seq.* *Id.* at 470. This Court further noted that the petitioner must meet those requirements by *clear and convincing evidence*, in accordance with the administrative rule, 1980 AACS, R 338.973(2), as well as various other conditions pursuant to the administrative rules. *Id.* (emphasis added). Finding that the petitioner did not meet the requisite conditions, this Court affirmed the board's denial of reinstatement. *Id.* at 471.

The circumstances in *Cogan* are analogous to those in the instant case. While the petitioner in *Cogan* did not directly challenge the standard of proof employed, this Court's analysis of the administrative requirements for license reinstatement contradict the trial court's conclusion in this case that the standard of proof in administrative proceedings must be a preponderance of the evidence. Accordingly, because the MVC and APA are silent regarding the issue and because a greater standard is consistent with legislative intent, we find that respondent was not barred from establishing a standard of proof requiring clear and convincing evidence to rebut the statutory presumption against issuing a driver's license to an habitual violator.[3]

### IV. CONCLUSION

Applying the foregoing principles and rules to this case, we conclude that the trial court erred in ordering respondent to reconsider petitioner's petition for

---

[3] Since the filing of this appeal, the Legislature expressly adopted the "clear and convincing" standard to be used in driver's license reinstatement proceedings in 1998 PA 351, effective October 1, 1999.

reinstatement under a preponderance of the evidence standard and in allocating the burden of proving petitioner's ineligibility for reinstatement to respondent. Instead, we hold that, in accordance with Rule 13, an individual who files a petition for reinstatement of driving privileges has the burden of proving by clear and convincing evidence that he is entitled to reinstatement of his driver's license. Accordingly, we reverse the trial court's order remanding this matter to the respondent, and we remand for circuit court review under MCL 257.303(1)(f); MSA 9.2003(1)(f).

Reversed and remanded for action consistent with this opinion. We do not retain jurisdiction.