BUREAU OF HEALTH PROFESSIONS v SERVEN

Docket No. 311939. Submitted November 7, 2013, at Lansing. Decided December 3, 2013, at 9:05 a.m.

The Michigan Bureau of Health Professions brought an administrative complaint against Bruce Devere Serven, D.C., before the Board of Chiropractic Disciplinary Subcommittee of the Department of Licensing and Regulatory Affairs, in connection with an independent chiropractic examination Serven conducted at the request of State Farm Insurance Company. The patient Serven examined had been injured in a 2004 car accident and had received chiropractic treatment at a facility called HealthQuest. Without reviewing the HealthQuest treatment records, Serven concluded that the patient's physical complaints were not caused by the accident and did not disable him from working, leading State Farm to terminate the patient's benefits. The complaint alleged that Serven's failure to review the HealthQuest records constituted negligence under MCL 333.16221(a) and that Serven's comment to a state investigator that HealthQuest had "a track record of performing unnecessary treatment" constituted a lack of good moral character under MCL 333.16221(b)(*vi*). After an administrative hearing, the hearing referee concluded that the complaint should be dismissed, but the disciplinary subcommittee disagreed and placed Serven on probation for one year. Serven appealed.

The Court of Appeals *held*:

1. The disciplinary subcommittee erred by finding Serven negligent under MCL 333.16221(a) because the duty of care he owed was not to the patient or to HealthQuest but to State Farm, and there was no evidence that Serven violated his duty to conduct an independent chiropractic examination.

2. Serven's isolated comment regarding HealthQuest's track record of performing unnecessary treatment did not constitute behavior that was unfair, dishonest, and secretive under MCL 338.41(1). Accordingly, the disciplinary subcommittee's ruling that Serven lacked good moral character was not supported by competent, material, and substantial evidence on the entire record.

Reversed and remanded to the disciplinary subcommittee to expunge Serven's record in this matter.

ADMINISTRATIVE LAW — PUBLIC HEALTH — LICENSED CHIROPRACTORS — INDEPEN-
DENT CHIROPRACTIC EXAMINATIONS — NEGLIGENCE — DUTY.

> A person who conducts an independent chiropractic examination
> owes a duty of care to the entity that requested it; the only duty
> the examiner owes to the examinee is to perform the examination
> in a manner that does not cause the examinee physical harm (MCL
> 333.16221(a)).

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Richard A. Bandstra*, Chief Legal Counsel, and *Robert J. Jenkins*, Assistant Attorney General, for petitioner.

*Garan Lucow Miller, PC* (by *Boyd E. Chapin, Jr.*, and *Caryn A. Gordon*) for respondent.

Before: METER, P.J., and SERVITTO and RIORDAN, JJ.

RIORDAN, J. Respondent, Bruce Devere Serven, D.C., appeals as of right the final order of the Disciplinary Subcommittee of the Department of the Michigan Board of Chiropractic, in this action that petitioner, the Bureau of Health Professions, initiated. On the basis of the subcommittee's finding of negligence, MCL 333.16221(a), and a lack of good moral character, MCL 333.16221(b)(*vi*), respondent was placed on probation for one year. We reverse and remand.

### I. FACTUAL BACKGROUND

State Farm Insurance Company contacted respondent to request that he perform an independent chiropractic examination (ICE) of a patient, AE, who was receiving chiropractic treatment. The patient was in an automobile accident in 2004 and sought chiropractic treatment from a facility called HealthQuest in 2006.

Respondent agreed to perform the ICE, reviewed all the materials State Farm gave him (which included the

patient's previous medical records but not the chiropractic records from HealthQuest), took a patient history from AE, and physically examined AE. Further, as part of that examination, respondent interviewed AE about the treatment HealthQuest provided to him. Respondent subsequently generated a written report, concluding that the patient was not disabled from working as the result of any injuries resulting from the accident. He also concluded that AE's physical complaints were not causally related to the accident. He noted in the report that he had not reviewed AE's HealthQuest records.

State Farm then cut off AE's medical benefits. After State Farm denied further claims for payment submitted by HealthQuest, Salvio Cozzetto, a chiropractor and part owner of HealthQuest, filed a complaint against respondent, claiming that he had possibly harmed the patient's health. After an investigation, the Attorney General, on behalf of petitioner, filed an administrative complaint against respondent, claiming that his behavior constituted negligence under MCL 333.16221(a) and incompetence under MCL 333.16221(b)(*i*) of the Public Health Code. Petitioner also contended that in an interview with one of its investigators, respondent commented that HealthQuest "had a track record of performing unnecessary treatment." The Attorney General argued this statement constituted a lack of good moral character in violation of MCL 333.16221(b)(*vi*) of the Public Health Code.

An administrative hearing determined that respondent had not behaved negligently or incompetently and had not displayed a lack of good moral character. Upon review, however, the disciplinary subcommittee disagreed and issued a final decision. The subcommittee found that respondent's conduct in performing an ICE

and issuing a written report without first reviewing HealthQuest's chiropractic records was negligent in violation of MCL 333.16221(a) of the Public Health Code. The subcommittee also found that it was "quite likely" that respondent made the comment about HealthQuest's "track record," and therefore violated MCL 333.16221(b)(*vi*). However, the subcommittee agreed that respondent was not incompetent under MCL 333.16221(b)(*i*). Respondent was placed on probation for one year. Respondent now appeals.

## II. STANDARD OF REVIEW

"We review an administrative agency's final decision to determine whether it is authorized by law and supported by competent, material, and substantial evidence on the whole record." *Cogan v Bd of Osteopathic Med & Surgery*, 200 Mich App 467, 469; 505 NW2d 1 (1993); see also Const 1963, art 6, § 28; *Dep't of Community Health v Anderson*, 299 Mich App 591, 597; 830 NW2d 814 (2013) (quotation marks and citation omitted) ("[I]n cases in which a hearing is required, as in this case, appellate review includes whether the agency's final decisions, findings, rulings, and orders are supported by competent, material and substantial evidence on the whole record."). Substantial evidence will be found when the decision is supported by evidence that a reasonable person would accept as sufficient. *Cogan*, 200 Mich App at 469-470. It is "more than a mere scintilla, but somewhat less than a preponderance." *Id.* at 470.

## III. NEGLIGENCE

Respondent first contends that the disciplinary subcommittee erred by finding him negligent under

MCL 333.16221(a) because he owed no duty of care to the patient or to HealthQuest. We agree.

MCL 333.16221(a) authorizes disciplinary proceedings when there has been

> [a] violation of general duty, consisting of negligence or failure to exercise due care, including negligent delegation to or supervision of employees or other individuals, whether or not injury results, or any conduct, practice, or condition that impairs, or may impair, the ability to safely and skillfully practice the health profession.

In the instant case, State Farm asked respondent to perform an ICE of the patient, and respondent agreed. Therefore, the duty respondent owed was to perform an ICE for State Farm. He owed no duty to HealthQuest. The only duty respondent owed to the patient was "to perform the examination in a manner not to cause physical harm to the examinee." *Dyer v Trachtman*, 470 Mich 45, 50; 679 NW2d 311 (2004). Neither party has alleged that respondent physically harmed the patient in any way.

Moreover, respondent was not obligated to conduct his examination in a manner that preserved the patient's benefits or ensured that HealthQuest received payment. His role was to fulfill the duty he owed to State Farm—to act as an independent chiropractic examiner. There was no evidence that respondent failed to fulfill that duty, as he examined AE and the records provided to him. Respondent then formed an opinion based on his review, his examination, and his interview of the patient, and generated his report. Further, he disclosed to State Farm that he had neither received nor reviewed records from HealthQuest.[1]

---

[1] Notably, petitioner failed to establish that respondent could have legally requested the records from HealthQuest directly.

"In the particularized setting of an IME, the physician's goal is to gather information for the examinee or a third party for use in employment or related financial decisions. It is not to provide a diagnosis or treatment of medical conditions." *Dyer*, 470 Mich at 51. Because respondent's only duty apart from not causing the patient harm was to act as an independent chiropractic examiner for State Farm, he had no obligation to provide a diagnosis or treatment of medical conditions to AE. Because there is no evidence that respondent violated this duty in any way, the subcommittee's finding that respondent behaved negligently under MCL 333.16221(a) is in error.

### IV. GOOD MORAL CHARACTER

Respondent also argues that the disciplinary subcommittee erred by finding that he exhibited a lack of good moral character. The disciplinary subcommittee found that respondent was subject to discipline under MCL 333.16221(b)(*vi*), for "[l]ack of good moral character." The subcommittee found that respondent's bias against HealthQuest was evident in his comment that HealthQuest had a track record of performing unnecessary treatment, and that respondent commented on HealthQuest's treatment even though he failed to examine the records of that treatment.

Contrary to the subcommittee's finding, none of this conduct constituted a lack of good moral character. Even assuming respondent made the "track record" comment, this one isolated comment did not constitute a lack of good moral character. Good moral character is defined as "the propensity on the part of the person to serve the public in the licensed area in a fair, honest, and open manner." MCL 338.41(1). An alleged comment during an informal interview that HealthQuest

had a track record of performing medically unnecessary treatment does not constitute behavior that was unfair, dishonest, *and* secretive. In fact, respondent was attempting to be candid with petitioner's investigator, as he honestly communicated his opinion, based on his experience with HealthQuest. Furthermore, as discussed, respondent did not violate any duty that he had as an independent chiropractic examiner, as he fully complied with his responsibilities in reviewing the records given to him, examining and interviewing AE, and then forming an opinion and issuing a report based on this independent examination.

Therefore, we conclude that the disciplinary subcommittee's ruling of a lack of good moral character was not supported by competent, material, and substantial evidence on the entire record. Const 1963, art 6, § 28; *Cogan*, 200 Mich App at 469.

### V. CONCLUSION

The disciplinary subcommittee erred by concluding that defendant violated MCL 333.16221(a) and MCL 333.16221(b)(*vi*). We reverse and remand for the disciplinary subcommittee to expunge respondent's record in this matter. We do not retain jurisdiction.

METER, P.J., and SERVITTO, J., concurred with RIORDAN, J.