*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHAD MORROW,

       Petitioner-Appellant,

v

SECRETARY OF STATE,

       Respondent-Appellee.

UNPUBLISHED
December 1, 2022

No. 358508
Wayne Circuit Court
LC No. 21-004810-AL

Before: GLEICHER, C.J., and MARKEY and PATEL, JJ.

MARKEY, J. (*dissenting*).

Petitioner filed a claim of appeal in this Court challenging the circuit court's ruling that upheld a hearing officer's administrative order. The order that the hearing officer issued had affirmed or kept in place respondent's decision years earlier to revoke petitioner's operator's license. The hearing officer denied petitioner's request for restoration of restricted or full driving privileges. I would hold that petitioner does not have an appeal by right, that petitioner was instead required to file an application for leave to appeal, and that this panel, therefore, lacks jurisdiction over the claim of appeal. Exercising our discretion to do so, I would treat petitioner's appeal as an application for leave to appeal *and deny leave*. I also find the majority's reasoning problematic. Accordingly, I respectfully dissent.

The construction of court rules and statutes is reviewed de novo on appeal. *In re Sanders*, 495 Mich 394, 404; 852 NW2d 524 (2014). "Our goal when interpreting and applying statutes or court rules is to give effect to the plain meaning of the text[,]" and "[i]f the text is unambiguous, we apply the language as written without [further] construction or interpretation." *Ligons v Crittenton Hosp*, 490 Mich App 61, 70; 803 NW2d 271 (2011).

I find it unnecessary to review and examine in detail petitioner's extensive and troubling driving history, which includes two drunk driving convictions and multiple violations related to the mandatory use of a breath alcohol ignition interlock device. Relevant to this appeal, respondent revoked petitioner's driver's or operator's license in October 2018. Then, after a rejected challenge in 2019, petitioner sought an administrative hearing under MCL 257.322(1) in 2021 to once again fight the continuing revocation and seek restoration of his license. MCL 257.322(1) states that

-1-

"[t]he secretary of state shall appoint a hearing officer to hear appeals from persons aggrieved by a final determination of the secretary of state denying an application for an operator's or chauffeur's license, suspending, restricting, or revoking an operator's or chauffeur's license, or other license action." The hearing officer in this case denied petitioner's appeal.

Next, petitioner filed a petition for review in the circuit court in an effort to overturn the hearing officer's determination. MCL 257.323(1) provides, in part, as follows:

> A person aggrieved by a final determination of the secretary of state denying the person an operator's or chauffeur's license, a vehicle group designation, or an indorsement on a license or revoking, suspending, or restricting an operator's or chauffeur's license, vehicle group designation, or an indorsement may *petition for a review* of the determination in the circuit court . . . . [Emphasis added.]

MCR 7.103(A)(3) provides that "[t]he circuit court has jurisdiction of an appeal of right filed by an aggrieved party from . . . a final order or decision of an agency from which an *appeal of right* to the circuit court is provided by law." (Emphasis added.) MCL 257.323(1) refers to petitions for review, while MCR 7.103(A)(3) refers to appeals. But, importantly, MCR 7.102(2) defines an "appeal" as "judicial review by the circuit court of a judgment, order, or decision of a 'trial court' or 'agency,' even if the statute . . . authorizing circuit court appellate review uses a term other than 'appeal.'" I conclude that for purposes of jurisdiction and an appeal by right to the circuit court under MCR 7.103(A)(3), it encompasses a petition for review under MCL 257.323(1), even though the Legislature did not use the term "appeal."

I fully recognize that a circuit court is authorized in some instances to take testimony to supplement respondent's record and to make associated findings. See MCL 257.323(3) and (4)(b)(*ii*)(B) and (C). But when deciding whether respondent's decision should be set aside and whether a petitioner should be eligible for full or restricted driving privileges, the circuit court must minimally find that respondent's determination was one of the following:

> (*i*) In violation of the Constitution of the United States, the state constitution of 1963, or a statute.

> (*ii*) In excess of the secretary of state's statutory authority or jurisdiction.

> (*iii*) Made upon unlawful procedure resulting in material prejudice to the petitioner.

> (*iv*) Not supported by competent, material, and substantial evidence on the whole record.

> (*v*) Arbitrary, capricious, or clearly an abuse or unwarranted exercise of discretion.

> (*vi*) Affected by other substantial and material error of law. [MCL 257.323(4)(a) and (b)(*i*).]

These are well-established appellate review standards, see *Bureau of Health Professions v Serven*, 303 Mich App 305, 308; 842 NW2d 561 (2013), and ultimately, when viewed in context, the overall nature of MCL 257.323 concerns appellate review by the circuit court of secretary-of-state licensing determinations, even though the court may take testimony on occasion. In this case, the circuit court upheld the hearing officer's decision.

With respect to an appeal to this Court, the Motor Vehicle Code is silent. But MCR 7.203(A), which pertains to the jurisdiction of the Court of Appeals, provides, in pertinent part:

> The court has jurisdiction of an appeal of right filed by an aggrieved party from the following:
>
> (1) A final judgment or final order of the circuit court, or court of claims, as defined in MCR 7.202(6), except a judgment or order of the circuit court
>
> (a) on *appeal* from any other court or *tribunal*[.] [Emphasis added.]

In light of the language defining an "appeal" in MCR 7.102(2) and our earlier analysis, I conclude that we are necessarily addressing a case involving an "appeal" to the circuit court.

With regard to whether respondent was acting as a "tribunal," I note that a "tribunal" includes an administrative agency when it is acting in a judicial or quasi-judicial capacity. *Natural Resources Defense Council v Dep't of Environmental Quality*, 300 Mich App 79, 86; 832 NW2d 288 (2013). In the context of hearings held by respondent in relation to revocation of driving privileges, there can be no reasonable dispute that respondent acts in a judicial or quasi-judicial capacity. See *id.* at 86 ("Quasi-judicial proceedings include procedural characteristics common to courts, such as a right to a hearing, a right to be represented by counsel, the right to submit exhibits, and the authority to subpoena witnesses and require parties to produce documents."); MCL 257.322(3).[1] Furthermore, under MCR 7.203(B)(1), an appeal by application for leave applies to

---

[1] MCL 257.322(3) provides:

> In a hearing or matter properly before the hearing officer, he or she may do any of the following:
>
> (a) Issue subpoenas to compel attendance of witnesses.
>
> (b) Issue process to compel attendance.
>
> (c) Punish for contempt any witness failing to appear or testify in the same manner as provided by the rules and practice in the circuit court.
>
> (d) Swear witnesses, administer oaths, and exemplify records in any matter before the officer.
>
> (e) Take additional testimony he or she considers appropriate.

"a judgment or order of the circuit court and court of claims that is not a final judgment appealable of right."

Accordingly, I conclude that this panel lacks jurisdiction over the claim of appeal filed by petitioner. Petitioner was required to pursue the appeal through an application for leave to appeal. In the interest of judicial economy, this Court may exercise its discretion and treat a party's claim of appeal as an application for leave to appeal, grant leave, and then address the substantive issues. *Wardell v Hincka*, 297 Mich App 127, 133 n 1; 822 NW2d 278 (2012). Although the majority does not decide the question whether petitioner was required to file an application for leave to appeal, the majority does treat the claim of appeal as an application for leave. And I agree that the claim of appeal should be treated as an application for leave. But I disagree that we should grant leave. Instead, I would deny leave.

Ordinarily, in ruling on an application for leave to appeal, no explanation for denying or granting leave is given because it is not required. See MCR 7.205(E)(2). But in the posture of this appeal and in light of the majority's ruling, I feel compelled to make some remarks. The earlier 2019 hearing order contained the requirements that petitioner, for purposes of a future challenge and hearing, produce verification of when he actually held a medical-marijuana registry identification card and produce an independent accounting of his 2016 and 2017 drug crimes. There is no indication or claim that petitioner ever appealed or otherwise challenged those requirements in 2019 when the administrative order was issued; petitioner in the instant 2021 litigation is essentially engaging in a collateral attack to void portions of the 2019 order. The hearing officer in 2019 included the requirements because there were serious concerns regarding petitioner's truthfulness and credibility. Indeed, the hearing officer stated:

> Mr. Morrow is not a credible person. He clearly perjured himself to obtain a license in 2016, and his gradual release of information over the course of 3 Administrative Hearings regarding his marijuana involvement is a substantial concern.

Moreover, in regard to producing an independent account of the drug crimes in relation to a future hearing, the hearing officer in 2019 specifically required petitioner to submit "a complete presentence investigation report [PSIR] *or its equivalent* regarding [the] drug crimes in 2016 and 2017 to provide an independent account of his offenses." (Emphasis added.) There is no indication that petitioner made any effort to identify or supply documentation that was the *equivalent* of a PSIR after determining that he could not access a PSIR. For example, petitioner likely had police reports at his disposal associated with the 2016 and 2017 drug charges and prosecutions. See MCR 6.201(B)(2) (upon request, a prosecutor must provide a defendant "any police report and interrogation records concerning the case"). The majority mistakenly focuses solely on the PSIR.

With respect to petitioner's medical marijuana card, the majority posits that MCL 333.26424(a) precludes use of his card to deny him an opportunity to have his driver's license restored. MCL 333.26424(a) provides, in part:

> A qualifying patient who has been issued and possesses a registry identification card is not subject to arrest, prosecution, or penalty in any manner, *or denied any right or privilege*, including, but not limited to, civil penalty or

disciplinary action by a business or occupational or professional licensing board or bureau, for the medical use of marihuana in accordance with this act . . . . [Emphasis added.]

The majority relies on the emphasized language to support its holding. In my view, the language simply stands for the proposition that petitioner cannot be denied restoration of his operator's license for the medical use of marijuana. The 2019 order required verification regarding "*when* Mr. Morrow had a medical marijuana card." (Emphasis added.) This was merely to assess or evaluate the truthfulness and credibility of petitioner's claims in multiple administrative hearings about his medical marijuana card and the 2016 and 2017 drug offenses. Again, there were serious issues concerning perceived fabrications by petitioner.

In sum, I would hold that petitioner has no appeal by right, that petitioner was required to file an application for leave to appeal, that we lack jurisdiction over his claim of appeal, that petitioner's appeal is to be treated as an application for leave to appeal, and that, finally, the application for leave to appeal is denied. Accordingly, I respectfully dissent.


/s/ Jane E. Markey