RESIDENTIAL RATEPAYER CONSORTIUM v PUBLIC SERVICE
COMMISSION

Docket No. 127731. Submitted April 22, 1992, at Lansing. Decided
February 1, 1993, at 9:35 A.M.

Michigan Consolidated Gas Company, filed its gas cost recovery
plan for 1988 with the Public Service Commission on September 25, 1987, seeking the commission's approval of natural gas
purchases that included 80 billion cubic feet from ANR Pipeline Company. On November 10, 1988, the commission issued
an order that approved the purchase of only 40 bcf from ANR.
In the interim, however, MichCon had purchased 60 bcf from
ANR and had used gas cost recovery factors that accorded with
the proposed 80 bcf purchase fron ANR in billings its customers.
In its order, the commission suggested that MichCon renegotiate its contract with ANR and indicated that the reasonableness
and prudence of MichCon's purchases would be determined in
subsequent reconciliation proceedings. MichCon and ANR renegotiated a lower purchase price and an additional purchase of 6
bcf. In the reconciliation proceedings, the Residential Ratepayer Consortium intervened to assert that, with respect to the
purchases from ANR, MichCon could recover costs associated
with 40 bcf only. The commission issued a final order approving
the purchase of 60 bcf from ANR and directing MichCon to
make its refund payments to customers on that basis. The
Residential Ratepayer Consortium appealed, and MichCon cross
appealed.

The Court of Appeals held:

1. In the gas cost reconciliation proceedings pursuant to MCL
460.6h(13); MSA 22.13(6h)(13), the Public Service Commission
correctly determined that MichCon had to show by a preponderance of the evidence, rather than by clear and convincing
evidence, that the costs of the purchases from ANR were reasonably and prudently incurred. The higher standard of proof, as
provided in MCL 460.6h(14); MSA 22.13(6h)(14), applies where a

REFERENCES

Am Jur 2d, Public Utilities §§ 270, 271.
See ALR Index under Gas Companies; Public Service Commissions;
Utilities.

utility seeks to recover costs in excess of those recovered through previously approved gas cost recovery factors, but not where, as in this case, a utility ultimately is to make a refund.

2. The commission's ultimate order approving the purchase of 60 bcf, but not the last 6 bcf, from ANR was neither unlawful nor unreasonable. The commission did not err in determining that, under the reasonable utility management test, the costs associated with the 60 bcf purchase, but not that of the last 6 bcf, were reasonably and prudently incurred.

Affirmed.

1. PUBLIC UTILITIES — GAS COST RECOVERY PLANS — RECONCILIATION PROCEEDINGS.

A gas utility, in a reconciliation proceeding before the Public Service Commission to determine excess gas costs to be refunded to the utility's customers, must show by a preponderance of the evidence that the claimed costs were reasonably and prudently incurred (MCL 460.6h[13]; MSA 22.13[6h][13]).

2. PUBLIC UTILITIES — GAS COST RECOVERY PLANS — RECONCILIATION PROCEEDINGS.

The Public Service Commission, in a reconciliation proceeding to determine excess gas costs a gas utility must refund to its customers, may use the reasonable utility management test in deciding whether the claimed costs were reasonably and prudently incurred; under the test, reasonable and prudent costs are those a reasonable utility manager would have incurred in good faith and under the same circumstances, and the fact that a management decision turns out to have been wrong in hindsight is not relevant (MCL 460.6h[13]; MSA 22.13[6h][13]).

*Chris Campbell,* for Residential Ratepayer Consortium.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Don L. Keskey* and *Patricia S. Barone,* Assistant Attorneys General, for Public Service Commission.

*Foster, Swift, Collins & Smith, P.C.* (by *William K. Fahey* and *Stephen J. Rhodes*), and *Daniel L. Schiffer* and *Dennis R. O'Connell,* for Michigan Consolidated Gas Company.

Before: McDONALD, P.J., and WAHLS and TAY-
LOR, J

TAYLOR, J. In this utility case, the Residential
Ratepayer Consortium (RRC) appeals as of right a
March 13, 1990, order of the Public Service Com-
mission that concerns a gas cost recovery reconcili-
ation proceeding[1] for 1988.[2] Michigan Consolidated
Gas Company (MichCon) cross appeals the same
order. We affirm.

1982 PA 304 amended the Public Service Com-
mission act, MCL 460.1 *et seq.*; MSA 22.13(1) *et
seq.*, by adding § 6h,[3] which set up a series of
procedures allowing gas utilities to fully recover
their reasonably and prudently incurred gas costs.
The first of the procedures pertinent to this appeal
is the annual gas supply and cost review. Section
6h(3) requires a utility to file a gas cost recovery
plan with the PSC at least three months before the
beginning of the year in which the plan is to take
effect. This plan must describe the expected
sources and volumes of the utility's gas supply for
the year and request specific gas cost recovery
factors, i.e., the per-unit charge to be billed to
customers for the cost of gas.

On September 25, 1987, MichCon filed its gas
cost recovery plan for the year commencing Janu-
ary 1, 1988, and asked the PSC for its approval.
Among other things, the plan showed that Mich-
Con proposed purchasing 80 billion cubic feet (bcf)
of gas from ANR Pipeline Company (ANR) under a
long-term gas purchase contract. Although the PSC
conducted a gas supply and cost review pursuant

---

[1] U-8870-R.

[2] This case was previously consolidated with Docket No. 127732,
which was dismissed by this Court pursuant to the parties' stipula-
tion.

[3] MCL 460.6h; MSA 22.13(6h).

to § 6h(5) over the spring and summer of 1988, it did not issue its final order evaluating the reasonableness and prudence of the decisions underlying MichCon's gas cost recovery plan as set forth in §§ 6h(6) and (7) until November 10, 1988. As a result, the per-unit charge to customers, i.e., a "factor" (which was contained in the proposed plan) was billed to customers over approximately 10½ months of the 12 months the plan was to cover before the PSC rendered its opinion and order. In this November order, the PSC determined that MichCon's plan to buy 80 bcf of gas from ANR during 1988 was not reasonable and prudent, and that MichCon should have arranged to buy only 40 bcf of gas from ANR.

Unfortunately, by the time the November order was issued, MichCon had already purchased 60 of the planned 80 bcf of gas from ANR. However, the PSC, in its order, also suggested that it would leave a final determination of "reasonableness and prudence" to later reconciliation hearings[4] to see if MichCon could renegotiate its contract with ANR for a lower price. After getting the PSC's November decision, MichCon successfully renegotiated its long-term contract with ANR and purchased only 6 more bcf of gas through the end of 1988 at the higher price, for a total of 66 bcf for the year.

The reconciliation proceedings covering MichCon's actual gas purchases during 1988 began in February 1989. The RRC's position was, as it is on appeal, that MichCon should not be able to recover any of the cost associated with its purchases of gas

---

[4] Reconciliation is the last step in the process of recovering gas costs for a calendar year. It is at this hearing that the PSC evaluates the reasonableness and prudence of a utility's actual gas purchases and matches these costs with amounts actually collected from the utility's customers that year by way of the gas cost factors. See § 6h(12). Any revenues recovered in excess of reasonably and prudently incurred expenses must be refunded or credited to customers under § 6h(13).

from ANR over the 40 bcf approved in the November 1988 order. Nevertheless, the PSC ultimately determined that MichCon's purchase of the first 60 bcf from ANR was reasonable and prudent, but that its purchase of the last 6 bcf was not. Because MichCon had collected more money from its customers during 1988 than its actual approved costs justified, the PSC ultimately ordered MichCon to pay back its customers the difference between its revenues and approved costs under § 6h(13), the subsection dealing with refunds.[5] The dispute in this case is not whether MichCon must pay back or credit its customers for this overrecovery, but rather how much of an overrecovery is involved. The amount of the overrecovery depends on whether and to what extent MichCon's gas costs were unreasonably and imprudently incurred and so could not be recovered by MichCon.

The RRC takes issue with the standard the PSC applied in determining the amount of money that had to be refunded to MichCon customers. It argues that this was not an ordinary refund situation because MichCon had bought more gas from ANR, and therefore had incurred more costs, than the amount approved by the PSC in its November 1988 order. The RRC urges us to construe the provisions of 1982 PA 304 in such a way that when a utility incurs gas costs in excess of those previously approved by the PSC, in order to recover those costs, the utility must prove the reasonableness and prudence of its decision to incur them by clear and convincing evidence as set forth in § 6h(14),[6] the subsection dealing with surcharges, rather than by the ordinary preponderance of the evidence standard of proof implicit in § 6h(13). In support of this argument, the RRC claims that the

---

[5] MCL 460.6h(13); MSA 22.13(6h)(13).

[6] MCL 460.6h(14); MSA 22.13(6h)(14).

Legislature intended the higher standard of proof to apply in cases like this one.

We first note that § 6h(14) allows a utility to recover excess costs, i.e., lets the utility surcharge its customers, only if it demonstrates to the PSC by clear and convincing evidence that it could not have avoided the excess expenses by reasonable and prudent actions.[7] Section 6h(13) does not spell out a particular standard of proof to be used in reviewing a utility's costs, and the usual "preponderance of the evidence" quantum of proof in civil cases is therefore considered to apply.

We agree with MichCon that §§ 6h(13) and (14) are clear and unambiguous, thus precluding judicial construction. *Sam v Balardo,* 411 Mich 405, 418; 308 NW2d 142 (1981); *Smith v Ruberg,* 167 Mich App 13, 16; 421 NW2d 557 (1988). The plain language of these subsections required the PSC to apply the provisions relating to refunds found in § 6h(13), and that subsection does not contain the higher standard of proof. The Legislature obviously wanted the higher burden of proof to be imposed in reconciliation proceedings when a utility seeks to recover money from customers in excess of money already collected through gas cost

---

[7] That subsection provides in part:

In its order in a gas cost reconciliation, the commission shall authorize a gas utility to recover from customers any net amount by which the amount determined to have been recovered over the period covered was less than the amount determined to have been actually expensed by the utility for gas sold, and to have been incurred through reasonable and prudent actions not precluded by the commission order in the gas supply and cost for review. For excess costs incurred through actions contrary to the commission's gas supply and cost review order, the commission shall authorize a utility to recover costs incurred for gas sold in the 12-month period in excess of the amount recovered over the period only if the utility demonstrates by clear and convincing evidence that the excess expenses were beyond the ability of the utility to control through reasonable and prudent actions.

recovery factors, but not when a utility is ultimately going to make refunds. We also agree with MichCon that § 6h(13) was properly applied here even though MichCon bought 26 bcf more gas from ANR than the 40 bcf PSC specifically approved in its November 1988 order.

The RRC also argues that MichCon is ineligible from seeking reconciliation and recovery of its gas costs for 1988 under the refund provision of § 6h(13) because those expenses were not incurred through reasonable and prudent actions *not precluded by the commission order in the gas supply and cost review.*[8] We disagree. The foregoing highlighted phrase has a temporal connotation: there was no express order in effect between January and November 10, 1988, regarding MichCon's gas purchases, so purchases made during that time could not have been precluded by the commission's order. Between November 10 and December 31, 1988, gas purchases were not precluded by the November order, which indicated that MichCon should reconsider and renegotiate its contracts with gas suppliers to cut down on gas costs.[9] Our holding comports with the PSC's interpretation of 1982 PA 304, to which we give considerable weight. *Consumers Power Co v Public Service Comm,* 196 Mich App 436; 493 NW2d 424 (1992).

By way of cross appeal, MichCon also challenges

---

[8] See MCL 460.6h(13); MSA 22.13(6h)(13).

[9] The PSC's subsequent consideration of MichCon's efforts to minimize costs after the November 10, 1988, order was issued was proper under § 6h(12). That subsection requires that in conducting a gas cost reconciliation, the PSC "shall consider any issue regarding the reasonableness and prudence of expenses for which customers were charged if the issue could not have been considered adequately at a previously conducted gas supply and cost review." Here, MichCon's response to the November 10, 1988, order could not possibly have been made until *after* the November order was issued, and so could not have been considered at the previously conducted gas supply and cost review.

the amount of the overrecovery obtained from its customers that the PSC ordered refunded or credited under § 6h(13). According to MichCon, it reasonably and prudently bought 6 bcf of gas from ANR between November 10 and December 31, 1988, and that had the PSC applied a reasonable utility management test in determining what costs were reasonable and prudent, it would not have disallowed the cost associated with that last 6 bcf. The reasonable utility management test for prudence is whether the costs in question are those a reasonable utility manager would have incurred, in good faith, under the same circumstances and at the relevant point in time. Under this test, the fact that a management decision turns out to have been wrong in hindsight is not relevant.

While the PSC's decision concerning MichCon's recovery of gas costs is not unassailable on appeal, it is presumed to be lawful and reasonable. A party attacking a PSC order must prove by clear and satisfactory evidence that the order is unlawful or unreasonable[10] by showing that it is arbitrary, capricious, an abuse of discretion, or not supported by the record. We will give due deference to the PSC's administrative expertise and will not substitute our judgment for that of the PSC. *ABATE v Public Service Comm,* 192 Mich App 19, 27; 480 NW2d 585 (1991); *Consumers Power Co v Public Service Comm,* 189 Mich App 151, 183; 472 NW2d 77 (1991).

MichCon argues that a reasonable utility management test has been used by other regulatory agencies, including the Federal Energy Regulatory Commission (FERC), in reviewing the prudence of regulated costs. The reasonable utility management test has been neither specifically accepted or

---

[10] See MCL 462.26(8); MSA 22.45(8).

rejected by Michigan courts.[11] However, the substance of that test has been applied. A utility's decision to enter into a long-term gas contract was determined to be reasonable and prudent and therefore recoverable even though the market later changed and the price in the contract wound up being much higher in *Attorney General v Public Service Comm*, 161 Mich App 506, 517; 411 NW2d 469 (1987). The PSC determined that a utility's actions were reasonable and prudent in light of "industry-accepted practice," which denotes reasonable utility management, in *Attorney General v Public Service Comm*, 174 Mich App 161, 166-167; 435 NW2d 752 (1988).

Most persuasive, however, is that the PSC in essence applied the substance of the reasonable utility management test in this case. We give great deference to the PSC's construction.

We find that the PSC acted properly in evaluating the gas supply decisions of the utility as set forth in Act 304. We therefore affirm its order, including its determination that MichCon did not act reasonably and prudently in purchasing 6 out of 66 bcf of gas from ANR.

Affirmed.

---

[11] We do not suggest here that the FERC's reasonable utility management test should be adopted. Rather, we leave to the expertise of the PSC the development of a standard consistent with the dictates of Act 304.