MAYOR OF CADILLAC v BLACKBURN

Docket No. 312803. Submitted October 3, 2013, at Petoskey. Decided
    August 26, 2014, at 9:10 a.m.

    Petitioner, the mayor of the city of Cadillac, sent respondent, Jim
        Blackburn, an appointed commissioner of the city's Act 78 fire
        and police department civil service commission, written notice
        of his removal from the commission pursuant to MCL 38.504.
        Respondent promptly answered the notice. Petitioner then filed
        a petition in the Wexford Circuit Court, setting forth the reason
        for said removal and seeking confirmation by the court of the
        mayor's action. The court, William M. Fagerman, J., ruled that
        it would decide the matter by determining whether the mayor
        proved the allegations in the petition by a preponderance of the
        evidence and entered an order to that effect. The Court of
        Appeals granted petitioner's application for leave to appeal that
        alleged that the circuit court employed an incorrect standard of
        review and violated the constitutional doctrine of the separation
        of powers.

        The Court of Appeals *held*:

        1. The circuit court correctly determined that the plain lan-
    guage of MCL 38.504 places the burden of proof on petitioner to
    establish good cause for removal by the preponderance of the
    evidence at a hearing de novo.

        2. MCL 38.504 does not provide for circuit court review of a
    final administrative decision. It provides a procedure for an
    original action by a mayor for the removal of a commissioner. The
    circuit court correctly held that it possessed original jurisdiction
    over the dispute under MCL 38.504.

        3. Because the notice of removal, and more particularly the
    petition for confirmation of removal, is not a final administrative
    decision, the provisions of Const 1963, art 6, § 28 regarding the
    review of final decisions, findings, rulings, and orders of adminis-
    trative officers, do not control the circuit court proceedings under
    MCL 38.504.

        4. Permitting review de novo in the circuit court of petitioner's
    decision to seek removal of respondent does not violate the

constitutional doctrine of the separation of powers. MCL 38.504 does not impinge on a mayor's decision to seek the removal of a civil service commissioner or pose an impediment to the mayor's decision in the first instance of what constitutes other good cause for removal under the statute. There can be no encroachment by the circuit court on an executive or administrative function of a mayor contrary to Const 1963, art 3, § 2 because that constitutional provision applies only to state government, not local government.

Affirmed and remanded for further proceedings.

MUNICIPAL CORPORATIONS — BOARDS AND COMMISSIONS — REMOVAL OF COMMISSIONERS — ACTIONS.

MCL 38.504 provides a procedure for an original action in the circuit court by a mayor or other principal executive officer of a city, village, or municipality that has established a fire and police department civil service commission under 1935 PA 78 for the removal of a commissioner for incompetence, malfeasance, or other good cause; the burden of proof is placed on the mayor in the circuit court action to establish good cause for removal by a preponderance of the evidence; the provisions of Const 1963, art 6, § 28 regarding the review of administrative action do not apply to the original circuit court action under MCL 38.504.

*Foster, Swift, Collins & Smith, PC* (by *Michael D. Homier* and *Laura J. Genovich*), for petitioner.

*McCurdy, Wotila & Porteous, PC* (by *Roger Wotila* and *Cynthia Wotila*), for respondent.

Before: RIORDAN, P.J., and MARKEY and K. F. KELLY, JJ.

PER CURIAM. Petitioner, the mayor of the city of Cadillac, appeals by leave granted the trial court's ruling that it would hear and decide the mayor's petition for removal of respondent as a civil service commissioner under 1935 PA 78, MCL 38.501 *et seq.*, by determining whether the mayor proved the allegations in his removal petition by the preponderance of the

evidence.[1] The mayor argues that the trial court's ruling provides for review de novo of the mayor's administrative decision, contrary to the review provided for in Const 1963, art 6, § 28, and would also violate the doctrine of the separation of powers, Const 1963, art 3, § 2. We affirm and remand for further proceedings.

During the city's 2011 election cycle, the mayor was informed that respondent served on a political committee or was active in the management of the campaign of the mayor's political opponent. Respondent had served for several years as an unpaid, appointed commissioner of the city's Act 78 fire and police department civil service commission. The commission consists of three members, one appointed by the "principal elected officer of the city," one selected by the paid members of the police and fire department, and one selected by the other two commissioners. MCL 38.502. The act prohibits any civil service commissioner from serving on "any political committee or [taking] any active part in the management of any political campaign." MCL 38.503. Section 4 of the act provides that the mayor or principal executive officer of the pertinent city, village, or municipality "shall at any time remove any commissioner for incompetency, dereliction of duty, malfeasance in office

---

[1] This Court originally dismissed petitioner's interlocutory application for leave to appeal for lack of jurisdiction. See *Mayor of Cadillac v Blackburn*, unpublished order of the Court of Appeals, entered October 29, 2012 (Docket No. 312803). Our Supreme Court decided otherwise in *Mayor of the City of Cadillac v Blackburn*, 493 Mich 889 (2012), holding that this Court "has jurisdiction over the petitioner's application for leave to appeal pursuant to Const 1963, art 6, § 10, MCL 600.308(2)(e), and MCR 7.203(B)(1)." The Supreme Court also granted a stay of the proceedings in the circuit court pending this appeal. *Blackburn*, 493 Mich 889. This Court subsequently granted leave to appeal. *Mayor of Cadillac v Blackburn*, unpublished order of the Court of Appeals, entered December 17, 2012 (Docket No. 312803).

or any other good cause . . . ." MCL 38.504. The mayor or principal executive officer must initiate removal in a writing filed with the commission and served on the commissioner. But when the executive initiates removal, § 4 provides that "such removal shall be temporary only and shall be in effect for a period of 10 days." *Id.* The commissioner is "deemed removed" if he or she does not respond within the 10 days. If, however, the commissioner answers the removal notice within 10 days, the statute provides:

> [T]he mayor shall file in the office of the clerk of the circuit court of said county a petition setting forth in full the reason for said removal and praying for the confirmation by said circuit court of the action of the mayor in so removing the said commissioner. A copy of said petition, in writing, shall be served upon the commissioner so removed simultaneously with its filing in the office of the clerk of the circuit court and shall have precedence on the docket of the said court and shall be heard by said court as soon as the removed commissioner shall demand. [MCL 38.504.]

Petitioner complied with the initial removal requirements of MCL 38.504 by sending respondent written notice of his removal and by then petitioning the circuit court for confirmation of his removal decision after respondent promptly answered the notice. The circuit court held that it had original jurisdiction over the dispute under MCL 38.504 so that petitioner had to prove, by a preponderance of the evidence, the good cause for removing respondent from office that petitioner alleged in its removal petition. On appeal, petitioner argues that the court erroneously interpreted MCL 38.504 in a manner inconsistent with the judicial review of administrative decisions provided for in Const 1963, art 6, § 28. Petitioner also asserts that a circuit court's review de novo of a mayor's removal decision would violate the

separation of powers doctrine, Const 1963, art 3, § 2. We hold that the circuit court correctly applied the plain terms of the statute and that this reading of the statute is not contrary to Michigan's Constitution.

I. STANDARD OF REVIEW

This case presents questions of law regarding statutory interpretation and also the application of our state Constitution, which we review de novo. *In re Sanders*, 495 Mich 394, 404; 852 NW2d 524 (2014). "Statutes are presumed to be constitutional, and we have a duty to construe a statute as constitutional unless its unconstitutionality is clearly apparent." *Id.* When interpreting a statute, our primary goal is to "give effect to the intent of the Legislature." *Superior Hotels, LLC v Mackinaw Twp*, 282 Mich App 621, 628; 765 NW2d 31 (2009). If the language of a statute is unambiguous, we presume the Legislature "intended the meaning expressed in the statute." *Briggs Tax Serv, LLC v Detroit Pub Sch*, 485 Mich 69, 76; 780 NW2d 753 (2010). A statutory provision is ambiguous only if it conflicts irreconcilably with another provision or it is equally susceptible to more than one meaning. *Fluor Enterprises, Inc v Dep't of Treas*, 477 Mich 170, 177 n 3; 730 NW2d 722 (2007). A statute is not ambiguous merely because a term it contains is undefined or has multiple definitions in a dictionary, especially when the term is read in context. *Cairns v East Lansing*, 275 Mich App 102, 107; 738 NW2d 246 (2007). When construing a statute, we must assign every word or phrase its plain and ordinary meaning unless the Legislature has provided specific definitions or has used technical terms that have acquired a peculiar and appropriate meaning in the law. *Superior Hotels*, 282 Mich App at 629.

The primary goal of the judiciary when construing Michigan's Constitution is to ascertain the purpose and intent of the provision at issue. *Adair v Michigan*, 486 Mich 468, 477; 785 NW2d 119 (2010). To do so, courts must apply the original meaning attributed to the words of a constitutional provision by its ratifiers, i.e., the most obvious commonly understood meaning the people would have assigned the words employed at the time of ratification. *People v Nutt*, 469 Mich 565, 573; 677 NW2d 1 (2004). This is known as the rule of "common understanding." *Traverse City Sch Dist v Attorney General*, 384 Mich 390, 405; 185 NW2d 9 (1971). Under the rule of common understanding, we must apply the meaning that, at the time of ratification, was the most obvious to the common understanding, the one that reasonable minds and the great mass of the people themselves, would give it. *In re Burnett Estate*, 300 Mich App 489, 497; 834 NW2d 93 (2013). Thus, words should be given their common and most obvious meaning, and consideration of dictionary definitions used at the time of passage for undefined terms may be appropriate. *Id.* at 497-498. While historical records such as those concerning the debate that occurred at the constitutional convention are relevant, they are not controlling. *Lapeer Co Clerk v Lapeer Circuit Court*, 469 Mich 146, 156; 665 NW2d 452 (2003). Furthermore, all provisions must be read in light of the whole document and no provision should be read to nullify another. *Id.*

## II. ANALYSIS

We hold the circuit court correctly read the plain terms of MCL 38.504 as placing the burden of proof on petitioner to establish good cause for removal by the preponderance of evidence at a hearing de novo. We also find that this reading of MCL 38.504 violates neither

the provision for judicial review of final administrative decisions established in Const 1963, art 6, § 28, nor the constitutional doctrine of the separation of powers, Const 1963, art 3, § 2.

First, we examine the plain terms of the statute. Contrary to petitioner's contention, the mayor's administrative (or executive) decision to seek removal of respondent is, on the facts of this case, not final. Rather, the statute plainly provides that where, as here, respondent answers the mayor's notice of removal within 10 days, the notice results in only a suspension of the commissioner during the removal proceedings. When the commissioner subject to removal timely answers the notice, the statute places the burden of going forward on the mayor, who must file "a petition setting forth in full the reason for said removal and praying for the confirmation by said circuit court of the action of the mayor in so removing the said commissioner." MCL 38.504. If the mayor fails to file a petition for confirmation of the removal decision within 10 days after the commissioner's answer, the "commissioner shall immediately resume his position as a member of the civil service commission." *Id.* On the timely filing of the petition, "the commissioner so suspended shall remain suspended until a hearing is had upon the petition of the mayor." *Id.*

Under the foregoing, MCL 38.504 clearly does not provide for circuit court review of a final administrative decision; rather, it provides a procedure for an original action by the mayor or other principal executive officer of a city, village, or municipality that has established an Act 78 fire and police department civil service commission for the removal of a commissioner that the executive believes to be incompetent or has committed malfeasance, or for which other good cause exists for

removal. The statute in no way impinges on the administrative or executive determination in the first instance that good cause to remove a commissioner exists. Indeed, the mayor's interpretation of the statute is entitled to respectful consideration, consonant with the principle of the separation of powers. *In re Complaint of Rovas Against SBC Mich*, 482 Mich 90, 93, 103; 754 NW2d 259 (2008). But interpreting the law is a defining aspect of judicial power. *Id*. at 98. While an administrative agency in a contested case may engage in the "quasi-judicial" function of fact finding, *id*. at 99, deciding an existing case or controversy pending before the court is a quintessentially judicial function. See *Lee v Macomb Co Bd of Comm'rs*, 464 Mich 726, 738; 629 NW2d 900 (2001), quoting *Daniels v People*, 6 Mich 381, 388 (1859) (" 'By the judicial power of courts is generally understood the power to hear and determine controversies between adverse parties, and questions in litigation.' ") (emphasis omitted), and *Risser v Hoyt*, 53 Mich 185, 193; 18 NW 611 (1884) (" 'The judicial power referred to is the authority to hear and decide controversies, and to make binding orders and judgments respecting them.' ") (emphasis omitted); see also *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 360 n 6; 792 NW2d 686 (2010).

In this case, the clear and unambiguous terms of the statute must be enforced as written. *Fluor Enterprises*, 477 Mich at 174; *Pohutski v City of Allen Park*, 465 Mich 675, 683; 641 NW2d 219 (2002). As discussed, under MCL 38.504, the mayor's decision to initiate removal of a commissioner from office only works a temporary suspension; removal becomes final only after either (1) the commissioner fails to respond to the notice of removal after 10 days, or (2) the circuit court confirms the mayor's removal decision. The statute further provides that after the mayor files a petition in the circuit

court that states in "full the reason for . . . removal," the court "shall hear and decide upon said petition." *Id.* Indeed, the hearing is to be accorded precedence on the court's docket and "and shall be heard by said court as soon as the removed commissioner shall demand." The statute contemplates an evidentiary hearing at which the "contestant . . . shall have the right of appearing in person and by counsel and presenting his defense . . . ." *Id.* With respect to the circuit court's decision on the removal petition, the statute provides the right "to petition the supreme court for a review . . . as in chancery cases." *Id.*

Thus, we conclude that the circuit court correctly held that it possessed original jurisdiction over the present dispute under MCL 38.504. While the exact nature of the hearing afforded by the statute is delineated, it is clear that petitioner could not, over respondent's timely objection, unilaterally remove respondent from office. Because the mayor's decision to seek removal of respondent as a civil service commissioner was not final until confirmed, after a circuit court hearing, the trial court correctly concluded that the removal proceeding is not controlled by Const 1963, art 6, § 28. That provision guarantees and provides a minimum standard for judicial review of "final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses . . . ." See *Rental Prop Owners Ass'n v Grand Rapids*, 455 Mich 246, 269; 566 NW2d 514 (1997). We agree with petitioner that where applicable, Const 1963, art 6, § 28 does not provide for or permit review de novo of final administrative decisions. See *Viculin v Dep't of Civil Serv*, 386 Mich 375, 392; 192 NW2d 449 (1971) ("Art 6, § 28, neither guarantees nor permits *de novo* review of final decisions of the State Civil Service

Commission. The scope of review is that stated by the constitution, 'whether the same are supported by competent, material and substantial evidence on the whole record.' "). But the mayor's notice of removal, and more particularly the petition for confirmation of removal, is not a final administrative decision; it is an original action. Consequently, Const 1963, art 6, § 28 does not control the circuit court proceedings under MCL 38.504.

Because the circuit court had original jurisdiction over this dispute, the court correctly determined that petitioner, who is the proponent of facts justifying removal, bore the burden of establishing the allegations supporting removal by a preponderance of the evidence, which is the default burden of proof in civil disputes. See *Kar v Hogan*, 399 Mich 529, 539; 251 NW2d 77 (1976) ("The party alleging a fact to be true should suffer the consequences of a failure to prove the truth of that allegation."); *Residential Ratepayer Consortium v Pub Serv Comm*, 198 Mich App 144, 149; 497 NW2d 558 (1993) (where the statute did not specify the standard of proof, the usual civil " 'preponderance of the evidence' " quantum of proof applied). After respondent answered petitioner's removal notice, MCL 38.504 placed the burden on the mayor to petition the circuit court for confirmation of the mayor's removal decision. The mayor must set forth his reasons "in full" for removal. The statute also permits respondent to appear in person and with counsel to present his defense to the mayor's allegations. Further, the statute provides for a hearing in the circuit court by stating that the court "shall hear and decide upon said petition." Thus, as the proponent of the allegations supporting removal, the burden of proof rested with the mayor. *Kar*, 399 Mich at 539; see also *Baker v Costello*, 300 Mich 686, 689; 2 NW2d 881 (1942), and *Bunce v Secretary of State*, 239 Mich App 204, 216;

607 NW2d 372 (1999). Further, because the statute does not state the quantum of proof necessary to obtain confirmation of removal, the default standard in civil cases, the preponderance of the evidence, applies. See *Residential Ratepayer Consortium*, 198 Mich App at 149; see also *In re Moss*, 301 Mich App 76, 84; 836 NW2d 182 (2013) ("in civil cases, the Legislature's failure to spell out a standard of proof would usually require application of the preponderance of the evidence standard").

Petitioner lastly argues that permitting review de novo of his decision to seek removal of respondent as a civil service commissioner violates the constitutional doctrine of the separation of powers. Const 1963, art 3, § 2. Petitioner contends that as the highest executive official of the city, he has sole discretion on how to operate the city, including whether to remove a civil service commissioner from office. The circuit court conducting a hearing on the executive's removal decision, petitioner argues, intrudes on the domain of the executive contrary to the constitutionally mandated separation of powers. We disagree.

Our state Constitution expressly delineates three branches of government as follows:

> The powers of government are divided into three branches; legislative, executive and judicial. No person exercising powers of one branch shall exercise powers properly belonging to another branch except as expressly provided in this constitution. [Const 1963, art 3, § 2.]

This state's courts have long held that each branch of government must carefully balance their exercise of power so as not to intrude on the exclusive domain of the other branches.

> Our government is one whose powers have been carefully apportioned between three distinct departments, which

emanate alike from the people, have their powers alike
limited and defined by the constitution, are of equal
dignity, and within their respective spheres of action
equally independent. One makes the laws, another applies
the laws in contested cases, while the third must see that
the laws are executed. This division is accepted as a
necessity in all free governments, and the very apportion-
ment of power to one department is understood to be a
prohibition of its exercise by either of the others. [*Suther-
land v Governor*, 29 Mich 320, 324-325 (1874).]

But the separation of powers doctrine does not require
so strict a separation that no overlap of responsibilities
and powers of the various branches of government is
permitted. *Armstrong v Ypsilanti Charter Twp*, 248
Mich App 573, 585; 640 NW2d 321 (2001). " 'If the
grant of authority to one branch is limited and specific
and does not create encroachment or aggrandizement of
one branch at the expense of the other, a sharing of
power may be constitutionally permissible.' " *Id.* (cita-
tion omitted).

In this case, as we have discussed already, the statute
as correctly interpreted by the circuit court in no way
impinges on the city executive's decision to seek re-
moval of a civil service commissioner. Further, the
statute, as interpreted, poses no impediment to the
mayor's deciding in the first instance what constitutes
"other good cause" for removal under the statute.
Moreover, the statute merely requires that the circuit
court perform a quintessentially judicial function of
deciding an existing case or controversy pending before
it. *Lee*, 464 Mich at 738. But, more fundamentally, there
can be no encroachment by the circuit court on an
executive or administrative function of a mayor con-
trary to Const 1963, art 3, § 2 because that constitu-
tional provision applies only to state government and
not local government. See *Rental Prop Owners Ass'n*,

455 Mich at 266-268; see also *Hackel v Macomb Co Comm*, 298 Mich App 311, 327; 826 NW2d 753 (2012).

We affirm and remand for further proceedings. We do not retain jurisdiction. Respondent appellee, as prevailing party, may tax costs pursuant to MCR 7.219.

RIORDAN, P.J., and MARKEY and K. F. KELLY, JJ., concurred.